IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| **TONY BERRY,**<br>9606 Underwood St.<br>Lanham, MD 20706<br><br>   **Plaintiff,**<br><br>  v.<br><br>**WASHINGTON METROPOLITAN**<br>**AREA TRANSIT AUTHORITY**<br>600 Fifth Street, N.W.<br>Washington, D.C.  20001<br><br>  Serve: Patricia Lee<br>     General Counsel, WMATA<br>     600 Fifth Street, N.W.<br>     Washington, D.C.  20001<br><br>**Defendant.** | )<br>)<br>)<br>)<br>) Civil Case No.:   8:25-cv-305<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND
**(Negligence)**

COMES NOW Plaintiff Tony Berry and for his Complaint against Defendant Washington Metropolitan Area Transit Authority ("WMATA") states as follows:

### Case Summary

This is an action for damages arising out of serious personal injuries sustained by Plaintiff as the result of Defendant's negligence in the operation of 2020 New Flyer Metro Bus that rear-ended Plaintiff on March 9, 2023, in Montgomery County, Maryland.

**Jurisdiction and Venue**

1. Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Regulation Compact (the "Compact"), which establishes original jurisdiction in this Court over matters pertaining to Defendant Washington Metropolitan Area Transit Authority, pursuant to the Compact, Art. III § 4 and Art. XVI § 81, adopted in Maryland at MD Transportation Code § 10-204(81) (2024).

2. The Court has personal jurisdiction over Defendant pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 6-102(a), 6 103(b) (2024), because they caused tortious injury in Maryland.

3. Venue in this action properly lies in the United States Court for the District of Maryland, Greenbelt Division, pursuant to 28 U.S.C. § 1402 since the occurrence which gave rise to the cause of action arose in the State of Maryland.

**Parties**

4. Plaintiff Tony Berry is an adult resident of Maryland.

5. Upon information and belief, Defendant WMATA (hereinafter "Defendant" or "WMATA"), created effective February 20, 1967, is an interstate compact agency and, by the terms of its enabling legislation, is an agency and instrumentality of the District of Columbia, State of Maryland, and Commonwealth of Virginia.

6. At all relevant times, WMATA was the owner and operator of the New Flyer bus that crashed into Plaintiff. At all relevant times the WMATA employee operating the bus did so in the course and scope of their employment and/or agency with WMATA, thereby rendering WMATA vicariously liable for all of any tortious acts and omissions in causing Plaintiff's injuries.

## Facts

7. On May 9, 2023, at approximately 9:37 a.m., Defendant WMATA was operating a 2020 New Flyer metro bus with DC license plate B50926 (the "Bus"), being driven by a Silas Smith, on New Hampshire Ave, heading Northbound, approaching the intersection with Oakview Drive, in Montgomery County, Maryland.

8. Silas Smith was at all times relevant an employee/agent of Defendant WMATA and was the operator of the WMATA bus at the time of the collision described herein.

9. Plaintiff Tony Berry was also heading Northbound on New Hampshire Ave, approaching the intersection with Oakview drive, when, without warning, the Bus slammed into the rear of Mr. Berry's vehicle.

10. Plaintiff was injured in the collision, suffering injuries to neck, back, and foot, as well as dizziness and other injuries.

11. All such injuries and medical treatment were proximately caused by Defendant's negligence.

12. Since the accident, Plaintiff has also suffered emotional and other non-economic damages as a result of Defendant's negligence.

13. After the fall, Plaintiff had substantial difficulty performing normal activities of daily living.

14. As a result of Defendant's negligence, Plaintiff has suffered, and will continue to suffer, serious bodily and emotional injuries and damages, including physical pain, suffering, emotional distress, inconvenience, loss of the enjoyment of life, medical expenses, loss of earnings and earning capacity, and other damages.

## COUNT I
### (Negligence)

15. Plaintiff restates and incorporates by reference herein the allegations of each and every paragraph, herein.

16. At all relevant times, the Bus driver, Silas Smith, owed Plaintiff a duty to operate the Bus with reasonable care and in a safe, prudent, and appropriate manner consistent with motor vehicle safety and traffic laws then and there in existence.

17. Mr. Smith breached the duty owed to Plaintiff and was negligent in the following ways:

   (a) Failing to pay full time and attention to the operation of his vehicle

   (b) Failing to keep a proper lookout under the conditions;

   (c) Driving while distracted;

   (d) Failing to maintain proper control of his vehicle;

   (e) Failing to operate his vehicle as a safe speed under the conditions;

   (f) Failing to exercise due care to avoid colliding with the vehicle in front of him;

   (g) Following too closely to the vehicle in front of him;

   (h) In otherwise failing to adhere to the applicable traffic and motor vehicle regulations there an there in effect.

18. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered and will continue in the future to suffer, *inter alia*, physical pain, emotional distress, humiliation and embarrassment, and inconvenience. He has incurred medical expenses in the treatment for his injuries, and, upon information and belief, Plaintiff will in the future continue to incur medical expenses in the treatment for his injuries.

19. At the time of the negligence described herein, Mr. Silas was acting within the course and scope of his employment with Defendant WMATA, was a permissible user of the WMATA Bus owned by Defendant WMATA, and was acting as the agent of WMATA by furthering its business interest' accordingly, Defendant WMATA is liable for Mr. Silas' negligence under the doctrine of *respondeat superior*.

20. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered substantial damages in an amount exceeding $75,000.00, which will be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows: (1) compensatory damages in an amount in excess of $75,000.00, which amount will be proven at trial; (2) payment of all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## JURY TRIAL REQUESTED

Plaintiff, by counsel, respectfully requests a trial by jury on all issues.

Dated: January 30, 2025

Respectfully submitted,

**TONY BERRY**

**By:**_____
Jacob M. Lebowitz, Esq. (Bar No. 18984)
MD Atty No. 1302050001
POSEY LEBOWITZ, PLLC
3221 M Street NW
Washington, D.C. 20007
(202) 524-0123 (telephone)
(202) 810-9009 (facsimile)
*Counsel for Plaintiff*

5